### MUBER *a.* HELD.

*New York Common Pleas ; General Term, May,* 1856.

JUSTICE'S COURT.—SECURITY.—ADJOURNMENT.

Where a justice adjourned a cause with provision that if defendant filed security
meantime he should then have a further adjournment, and defendant filed the
security but failed to appear on the adjourned day,—*Held,* that the justice was
right in proceeding to judgment

Appeal from the judgment of the justice of a district court.

INGRAHAM, F. J.—The defendant appeared in the cause and
answered.  He cannot therefore submit affidavits to excuse
his subsequent default.  We have held that statute only to
apply to cases where the defendant never appears in the cause.

By the return, it appears that the case was adjourned to
February 16, and if the defendant filed a security as provided
by statute, he should then have a further adjournment.  He
did file a security for his appearance on February 21, but
neglected to appear on February 16, at the adjourned time,
and judgment was rendered against him.

Clearly, if the defendant wanted a further adjournment, it
was his duty to have appeared on the day and asked for it.  It
was not the duty of the justice or the plaintiff to search the
files of the clerk's office to see if the defendant had done
what was necessary to procure an adjournment.  It was the
defendant's duty to appear and satisfy the court that he had

done what the law required of him, and his neglect to do so deprived him of any right he might otherwise have had to an adjournment.

I do not express any opinion upon the right to require security, or the validity of the paper filed for such purpose; but rest the decision entirely on the defendant's negligence in not attending the court on the adjourned day.

Judgment affirmed.